ACCEPTED
03-15-00553-CR
8282088
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/17/2015 11:42:38 AM
JEFFREY D. KYLE
CLERK

**No. 03-15-00553-CR**

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/17/2015 11:42:38 AM
JEFFREY D. KYLE
Clerk

# THE STATE OF TEXAS,

*Appellant,*

**v.**

# PHILIP DUBORD,

*Appellee.*

On appeal from the County Court-at-Law Number Three,
Travis County, Texas
Trial Cause No. C-1-CR-12-204755

# STATE'S REPLY BRIEF

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
ASSISTANT TRAVIS COUNTY ATTORNEY
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

*December 17, 2015*        ATTORNEYS FOR THE STATE OF TEXAS

**ORAL ARGUMENT IS NOT REQUESTED**

**STATEMENT REGARDING ORAL ARGUMENT**

Resolution of the reasonableness-of-the-detention issue that this enhanced DWI case presents depends on what the Third Court determines from the trial court's findings. Either the trial court misapplied the law, or its findings are insufficient and ambiguous. Either way, the issues may be fully and fairly argued on briefs.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE STATE'S ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

    *Reply Point*: Alternatively, the State asks the Third Court to
    abate and remand for supplemental findings... . . . . . . . . . . . . . . . . . . 4

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# INDEX OF AUTHORITIES

**Cases**                                                                     **Page**

*State v. Elias*, 339 S.W.3d 667
(Tex. Crim. App. 2011)............................. 5

*State v. Mendoza*, 365 S.W.3d 666
(Tex. Crim. App. 2012)............................. 5

*State v. Saenz*, 411 S.W.3d 488
(Tex. Crim. App. 2013)............................. 5

The State appeals an order suppressing its evidence in an enhanced DWI case.[1] CR 15. The trial court entered the suppression order on August 5, 2015. CR 81. The State gave notice of appeal on August 25, 2015. CR 90–91. The State's original brief was filed on November 10, 2015. Dubord tendered a brief for filing on December 11, 2015.

## BACKGROUND

Although Dubord insists on page 3 of his brief that the pre-trial issue was "objective probable cause for the arrest," the suppression hearing's only issue was the initial detention's legality. RR 21–71. Only Sergeant Johnson, the detaining officer testified at the pre-trial hearing; the arresting officer did not testify.

The trial court found:

1.    In the early morning hours of 3-23-12 Officer Johnson observed the Defendant traveling west in the 1600 block of West Sixth Street.

---

[1]    The enhancement paragraph alleged that Dubord had a blood-alcohol concentration greater than .15. CR 15.

2.    The Defendant moved across two lanes of traffic and headed onto MoPac Boulevard, and Officer Johnson followed.

3.    Officer Johnson testified he followed the Defendant for approximately six more miles before stopping him, testifying that the defendant crossed from his lane of travel on more than one occasion.

CR 89.

The court concluded:

Defendant argues his stop and arrest were without probable cause.

The fact the officer waited six miles to stop the defendant diminishes the credibility of his claim that he stopped the defendant for lane change violations on Sixth Street.

CR 89.

## ISSUE PRESENTED

Dubord contends that the findings do not state that Judge McCormick actually believed that Johnson saw Dubord commit lane-change violations on Sixth Street. He further contends that the trial court made no credibility finding as to any of the erratic or offensive driving that Johnson witnessed while he followed Dubord for about six miles. What facts did the trial court find?

2

## SUMMARY OF THE ARGUMENT

As the State's original brief argued, if the Third Court determines from the findings that the trial court (1) believed that Sergeant Johnson saw Dubord commit traffic violations on Sixth Street, but (2) disbelieved his claim that he stopped Dubord for those violations, then the suppression order was an abuse of the trial court's discretion.

In reply to Dubord's contentions, the State argues that, if the Third Court determines from the findings that the trial court did not believe that Sergeant Johnson saw Sixth Street violations, the findings are insufficient to resolve the issue of the initial detention's legality. Johnson testified to a great many other facts in support of the detention, and the current findings do not address that testimony.

Moreover, the Third Court could reasonably determine that the "diminished credibility" finding is ambiguous.

When the trial court's findings are ambiguous and insufficient to resolve the legal issue, the reviewing court may not imply findings but must remand to the trial court to make findings with greater clarity and

3

specificity. The State therefore alternatively renews a former request to abate and remand for supplemental findings.

**ARGUMENT**

*Reply Point*: **Alternatively, the State asks the Third Court to abate and remand for supplemental findings.**

What does the finding of "diminished" credibility mean? Credible, but only somewhat? Not credible? Whatever it means, what does it apply to? Does it apply to Johnson's observation of traffic violations on Sixth Street, or only to the claim to have stopped Dubord for those violations?

Even if the trial court did not believe that Sergeant Johnson saw Sixth Street violations, what of the great many other facts that made up the totality of circumstances upon which Johnson relied before initiating a detention?[2] The current findings are silent on this matter. Indeed, it could

---

[2]  For instance, Sergeant Johnson testified that he had sixteen years' experience and was the supervising officer on the DWI enforcement unit. RR 5. While following Dubord on MoPac, he saw him traveling 72 miles per hour in a 65-mile-per-hour zone. RR 21. Dubord's car drifted out of its lane five to six times on MoPac. RR 24. Johnson decided to initiate a detention when Dubord nearly hit another car. RR 28, 60. After Johnson activated his overhead lights, Dubord ran a red light. RR 40.

reasonably be argued that the findings are ambiguous in that they do not permit us to say with certainty that the trial court either believed or disbelieved Johnson's testimony as to any of what he saw before detaining Dubord.

Appellate courts are not permitted to imply findings from a trial court's explicit findings. Instead, they must abate the appeal and remand for supplemental findings. *State v. Saenz,* 411 S.W.3d 488, 495 (Tex. Crim. App. 2013); *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (reversing and remanding for additional fact findings because dispositive historical fact of whether the defendant timely activated his turn signal was absent from findings made by trial court); *State v. Mendoza,* 365 S.W.3d 666, 673 (Tex. Crim. App. 2012) (reversing and remanding for additional fact findings because dispositive credibility determination of testifying officer was absent from trial court's findings).

## PRAYER

Because the trial court abused its discretion in suppressing the evidence on these facts, the Travis County Attorney, on behalf of the State

of Texas, renews his prayer to sustain his first point, reverse the trial court's suppression order, and remand this case to the trial court for proceedings consistent with its opinion.

Alternatively, the Travis County Attorney asks the Court to sustain his reply point and remand the case to the trial court for more specific findings.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

_____
Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas  78767
Telephone: (512) 854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. The document contains 1,271 words.

_____
Giselle Horton

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's reply brief via electronic transmission, to Mr. Dubord's attorney of record, Mr. Wayne Meissner, at waynemeissner@fitzgeraldmeissner.com on or before December 17, 2015.

_____
Giselle Horton
Assistant Travis County Attorney

7